R. M. FILHIOL vs. WM. PENN.    F. H. & A. A. CANN, INTERVENORS.

MAYO, J.   The distinction between a fraudulent sale and a mere simulation is well settled and self-evident; a simulation being a mere semblance of a sale, in which there is no real price and no intent to sell, but simply to throw a deceptive disguise over the property of the debtor; while, in a fraudulent sale, there is a real transfer of the property with intent to favor one creditor at the expense of another, or to use some third party for the purpose of sacrificing the property and placing it beyond the pursuit of creditors.    Such a sale must be attacked by the regular revocatory action.

2.   A fraudulent giving in payment by an insolvent debtor must be set aside by a direct action; it is not absolutely void, but simply voidable.   30 An. 374.

3.   When the vendor becomes the lessee of the vendees, his possession is their possession, and furnishes no ground for attachment of the property as his.

---

FORD & SELLMAN vs. FLETCHER, WESENBERG & CO. AND SQUAIR.

GUNBY, J.   Where no property was attached and nothing garnisheed, the attachment falls for want of execution, and this Court will not enquire into its legality; no matter how important or interesting to the public it may be to have certain questions of practice settled, this Court has no right or inclination to pass upon such questions until they arise in a way that their decision is necessary to determine a pending controversy.

2.   A promise on the part of raliroad contractors that they will pay the laborers of their sub-contractors out of funds due the latter, is not a promise to pay the debt of another. in the meaning of C. C. 2278; the promise, which must be in writing, is one by which the promisor binds himself personally and unconditionally to pay another's debt with his own funds.

3.   Where the contractors have verbally agreed to pay the labor rolls of their sub-contractors, they cannot escape liability by paying the funds over to their employers; they are bound under the agreement and under Act 134 of 1880.